PER CURIAM.
The former husband, Brian Wilks, appeals the Order Granting Former Wife’s Motion To Dismiss rendered following an evidentiary hearing.[1] The Order is directed to Wilks’ motion to modify the parties’ parenting plan, particularly his request to modify the time-sharing component regarding their young child. Because there is no competent, substantial evidence to support the trial court’s conclusion that there was no substantial change of circumstances, and because the trial court failed to consider all of the elements of sections 61.13(2)(c) and (3), Florida Statutes (2013), we reverse and remand for further proceedings.[2]
Wilks and the former wife are both police officers. Wilks worked the night shift at the time the parenting plan was agreed to by the parties and approved by the court. Wilks’ change to the day shift gave Wilks the ability to be available to the child in a more significant way, leading Wilks to file his modification request to increase his share of time with the child. The former wife opposed the request.
In order to modify the time-sharing provisions of a parenting plan, sections 61.13(2)(c) and (3) require that the modification be in the best interest of the child and be based upon a substantial, material, and unanticipated change in circumstances. The trial court determined that the requested modification was not based on a substantial change of circumstances, but there is no competent, substantial evidence in the record to support that conclusion. In addition, the trial court held that the shift change was voluntary, but involuntariness of the change is not a requirement under the statute; consequently, the trial court erred in basing its decision on that finding. Furthermore, the trial court never considered the best interest of the child or whether the change was material, as required by the statute. Accordingly, we reverse the order under review and remand this case to the trial court for a hearing to determine the statutory requirements under sections 61.13(2)(c) and (3).
REVERSED; and REMANDED.
TORPY, C.J., SAWAYA, and BERGER, JJ., concur.

. Although the Order is titled as one granting a motion to dismiss, the Order contains the necessary findings and conclusions that dispose of the case on the merits with finality; hence, it is a final order reviewable by this court.

. The former wife’s issue on cross-appeal is without merit and does not warrant further discussion.